## Dixon v. The State.

Where the indorsement upon an indictment is in substantial compliance although not in strict accordance, with the Code, it is sufficient if it appears that the indictment was legally found and presented by the grand jury.

A jury, empanneled to try the defendant on an indictment for retailing intoxicating liquors, were sworn " the truth to speak," &c., without being sworn " to try the issue joined," as required by the Code ; held, that the jury were not legally sworn.

*Error to Marion District Court.*

*Opinion by* HALL, J.   The plaintiff was indicted in the court below for retailing ardent spirits.   The indictment was indorsed as follows :  " Presented to the district court of Marion county, Iowa, in presence of the grand jury, on the 11th day of February, 1852.

A. BELITTER, C. D. C., Marion Co., Iowa.

" Filed  February 11, 1853."

A motion was made by the  defendant below to quash the indictment on the ground that the indorsements upon the indictment did not show a legal finding or presentation by the grand jury, which motion was overruled by the court and exceptions taken.

A jury was empanneled and " *sworn the truth to speak,*" and a verdict returned against the defendant below.   This presents the only material points in the case.   The case of *Wau-kon-chow-neek-kow* v. *United States*, Morris, 332, is a full answer to the first point made in this case.   We cannot but think that the indorsement on the indictment is a substantial compliance with the Code.   True, it is not fully in accordance with its directions, but there can be no doubt but that the indictment was legally found and presented by the grand jury.   The case of *Harriman* v. *The State*, 2 G. Greene, 285, settles the other point presented.   In that case, the record showed that the oath

administered to the jury was ; "*the truth to speak upon the issue joined between the parties.*" The statute in force at that time presented the form of oath to be administered to the jury. The Code now requires that the jury shall be sworn to try the issue joined, &c. The record shows the form of the oath used, which really amounts to no oath whatever.

Judgment reversed.

*J. E. Neal,* for plaintiff in error.

*D. C. Cloud,* for the State.